UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Visual Legacy Group, LLC,

         Plaintiff  Case Number: C-06-136-JD

v.

Innovative Software Solutions, Inc.

         Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**STIPULATION AND PROPOSED ORDER FOR PRELIMINARY INJUNCTION**

   Defendant Innovative Software Solutions, Inc. ("ISSI") and plaintiff Visual Legacy Group, LLC ("Visual"), by their undersigned counsel, stipulate as follows. In entering into the following stipulation for entry of a preliminary injunction, the parties are not making any admission with respect to the merits of any claims or defenses in this matter or any other matter. The parties stipulate as follows:

   1.  (a)  ISSI, within five business days (except as described in (b) below with respect to certain offsite storage) of the entry of this order, shall remove and not retain any copies of Visual's software product, WinFAST (defined in the parties' Agreement as the Software) in any form (including as part of an Integrated Product within the meaning of the parties' Agreement), from a) all computers owned, possessed or controlled by ISSI (including those of its employees and consultants); and b) any other medium (such as compact disks,

back up tapes, e-mail attachments) owned, possessed or controlled by ISSI (including that of its employees and consultants).

(b) ISSI delivers on a weekly basis to Iron Mountain, Inc. at Malvern, PA for secure offsite storage backup tapes of ISSI's entire computer records. Those tapes are each held for fifty-two weeks from delivery, and then are returned in rotation to ISSI to write over and create new weekly backup storage. In lieu of ISSI retrieving and removing any copies of WinFAST from those Iron Mountain backup tapes in accordance with subparagraph (a), ISSI shall notify Visual any time within one year from the date of this order whenever it retrieves any such backup tapes other than for routine rotational reuse, i.e. whenever any tapes are "specially retrieved". ISSI shall not copy WinFAST from any rotationally retrieved tapes and shall not copy and shall remove WinFAST from any such specially retrieved backup tapes.

2. ISSI shall state in writing that all such copies have been removed and shall provide that statement to Visual within ten business days of the entry of this order.

3. Visual shall be permitted access to ISSI's hardware for the sole purpose of confirming compliance with this order subject to ISSI's schedule. This review shall take place over a one day period agreed upon by the parties within thirty business days from the date of this order and pursuant to a reasonable procedure agreed upon by the parties designed to achieve the compliance goals of this order. Visual may not copy or review any materials other than reviewing materials that are necessary to confirm compliance with this order. Visual shall treat all materials that it reviews as confidential and may not use such materials or information from such materials for any purpose other than to

confirm compliance with this order. Visual shall have a similar opportunity to confirm on a quarterly basis compliance with the removal and/or lack of copying of WinFAST from Iron Mountain backup tapes retrieved under the terms of paragraph 1(b) herein, for the period during which WinFAST remains on any such backup tapes. ISSI shall also provide Visual, on a monthly basis for one year from the date of this order, copies of Iron Mountain invoices that contain sufficient information so as to disclose whether or not ISSI has specially retrieved any backup tapes.

4. ISSI shall not deliver, activate or demonstrate any copies of WinFAST to customers or any third parties after the date of this order.

5. Innovative Software Solutions, Inc. ("ISSI"), within five business days of the date of this agreement, shall provide copies currently in ISSI's possession of all WinFAST licenses from ISSI customers who have WinFAST currently installed to Visual Legacy Group, LLC ("Visual"), along with a list of the additional customers as to which ISSI does not have copies currently in its possession. ISSI will make a reasonable effort to obtain copies of licenses from any other customers and provide those within seven business days following receipt by ISSI. The extent of ISSI's reasonable effort set forth in the prior sentence shall not be reviewed by this Court for compliance with this preliminary injunction.

Respectfully submitted,

INNOVATIVE SOFTWARE SOLUTIONS, INC.

by its attorneys,

COOK, LITTLE, ROSENBLATT &
MANSON, P.L.L.C.

Dated: April 18, 2006       By:   /s/ Arnold Rosenblatt
                                  Arnold Rosenblatt (#2879)
                                  650 Elm Street, 4th Floor
                                  Manchester, NH  03101
                                  (603) 621-7102


VISUAL LEGACY GROUP, LLC.

by its attorneys,

MCLANE, GRAF, RAULERSON & MIDDLETON,
 PROFESSIONAL ASSOCIATION

Dated: April 18, 2006       By:   /s/ Thomas J. Donovan
                                  Thomas J. Donovan (#664)
                                  900 Elm Street
                                  P.O. Box 326
                                  Manchester, NH  03105
                                  (603) 628-1337

STIPULATION FOR PRELIMINARY INJUNCTION APPROVED.  SO ORDERED*:*

April 19, 2006                         /s/ Joseph A. DiClerico, Jr.
_____                 _____
Date                                   Joseph A. DiClerico, Jr.,
                                       United States District Judge